IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs October 1, 2019

## MATHEWS CONSTRUCTION, INC. v. KENNEDY OMANWA

**Appeal from the Chancery Court for Hamilton County**
No. 17-0805        Pamela A. Fleenor, Chancellor
_____

### No. E2019-00168-COA-R3-CV
_____

A defendant filed a motion to recuse the trial judge one month prior to trial; the trial judge responded to the motion and entered an order denying it two weeks prior to trial. Defendant appeals, asserting that the court erred in denying the motion and in failing to notify him that the court would proceed with the trial as previously set. Discerning no error, we affirm the judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

RICHARD H. DINKINS, J., delivered the opinion of the court, in which D. MICHAEL SWINEY, C.J., and ARNOLD B. GOLDIN, J., joined.

Kennedy N. Omanwa, Collegedale, Tennessee, *Pro Se*.

Thomas L. N. Knight, Chattanooga, Tennessee, for the appellee, Mathews Construction, Inc.

### MEMORANDUM OPINION[1]

On November 8, 2017, Mathews Construction, Inc., ("Plaintiff") filed suit in Hamilton County Chancery Court against Kennedy Omanwa ("Defendant") to recover payment for repair work it performed on Defendant's property; the contract between the parties was attached to the complaint as "Exhibit A" and a separate payment agreement

_____

[1] Tenn. R. Ct. App. 10 states:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated a "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

as "Exhibit B." Defendant filed a response and counterclaim on December 11, 2017, asserting, among other things, that he signed the payment agreement under duress, that the signatures on the agreement were forged, and that Plaintiff received excess funds that should have either been returned to Defendant or to a third party. Plaintiff answered the counterclaim on January 12, 2018, denying the allegations.

Defendant filed a Notice of Removal to the U.S. District Court for the Eastern District of Tennessee on August 17, 2018; the case was remanded to the chancery court on October 18 for lack of diversity. On November 6, the court set the trial for January 23, 2019. On December 28, Defendant filed a motion asking the court to recuse itself; filed with the motion was Defendant's "Affidavit of Bias, Prejudice and in Support of Motion to Recuse," which contained assertions that the court's conduct and statements led Defendant to believe "he cannot get a fair hearing and or a fair trial before the Honorable Chancellor." Pursuant to section 1.03 of Rule 10B of the Rules of the Supreme Court, the trial court entered an order on January 9 making findings relative to the factual allegations in the motion. The court also held that the motion failed to comply with section 1.01 of Rule 10B in that it did not state that it was not filed for an improper purpose, that the motion was not timely, and that Defendant failed to establish grounds warranting recusal. The court denied the motion; Defendant filed his notice of appeal with the trial court on January 22 and did not seek a stay.

The trial took place as scheduled on January 23; Defendant did not appear. The court entered a judgment on January 24, finding in favor of Plaintiff, awarding a judgment in the amount of $42,247.74, and dismissing Defendant's counterclaim. Defendant filed additional notices of appeal on January 28 and February 4. The January 28 notice is identical to the notice of appeal filed on January 22, and the February 4 notice appealed the January 24 order.[2]

---

[2] The January 24 order recites, in pertinent part, the following:

> "This case came on for trial on January 23, 2019 at 9:30 a.m. at which time the plaintiff appeared with its witnesses although the defendant, Kennedy N. Omanwa, did not appear for the trial. Defendant filed with the court a copy of its notice of appeal of the court's order denying recusal. However, Tenn. Sup. Ct. R.10B section 2.04 provide this does not stay the trial court proceeding. After hearing the testimony of the Plaintiff's representative, Mr. Lind, in open court, from a review of the exhibits introduced at trial, specifically Exhibit 2 the NSF check, and from a consideration of the entire record the Court finds the issues in favor of the plaintiff, Mathews Construction, Inc., and against the defendant. In accordance with T.C.A. section 47-29-101 the Court finds the plaintiff is entitled to a judgment in the amount of $27,296.00 which is the face amount of the defendant's dishonored check, plus pre-judgment interest at the rate of 10% per annum from the date of the check until trial which is in the amount of $4,389.80, and plaintiff's reasonable one-third attorney's fees in the amount of $10,561.94 for a total judgment of $42,247.74. Upon motion of the plaintiff and counter-defendant made pursuant to Tenn. R. Civ. P. 41.02, the counterclaim filed by the defendant is dismissed with full prejudice."

Defendant's brief lacks a clear statement of the issues.  We have determined that Defendant asserts that the trial court erred in denying his motion to recuse in the order entered January 9 and in entering the judgment on January 24, after he filed his first notice of appeal.

## I. STANDARD OF REVIEW

Tennessee Supreme Court Rule 10B governs recusals. Section 2.01 provides that "the trial court's ruling on the motion for disqualification or recusal shall be reviewed by the appellate court under a de novo standard of review." Tenn. Sup. Ct. R. 10B.

## II. ANALYSIS

Defendant does not contest the trial court's determination that the recusal motion did not meet the requirements of the rule and, upon our review, we agree with the determination.  A deficient Rule 10B motion can warrant a court declining to consider the motion or the merits of an appeal.  *See Berg v. Berg*, "the trial court [was] not required to address the merits of [a party's] articulated grievances given the…deficiencies under Rule 10B" and that "…the deficiency…provide[d] a basis on its own for affirming the denial of [party's] recusal motion." *Berg v. Berg*, No. M2018-01163-COA-T10B-CV, 2018 WL 3612845, at *4 (Tenn. Ct. App. July 27, 2018).  Notwithstanding the deficiencies, the trial court addressed the motion and we shall do likewise.

Defendant argues that the trial court erred in denying the Rule 10B motion.  In his motion and affidavit, Defendant alleged that the trial judge's conduct demonstrated bias and "extreme prejudice toward men and, moreso, against *pro se* litigants" when the court stated at a hearing held on March 21, 2018 on Defendant's motion to exclude the parties' contract that "[Defendant] will not prevail if [he] signed the agreement" and "declined court audience to the Defendant," making the "pronouncement…that it is important to be a lawyer with a JD qualification…"

In the response to the Rule 10B motion, the court divided Defendant's complaints into three categories: (1) that the motion was not timely filed; (2) that the motion did not affirmatively state that it was not filed for an improper purpose; and (3) the motion "failed to establish grounds warranting recusal."

With respect to the first category, the court noted that the matters of which Defendant complained began at a hearing on March 21, and that Defendant had filed three other pleadings since that time, none of which had raised the issue of prejudice; upon that basis, the court concluded that the motion was untimely.  With respect to the second category, the court explained that Defendant had filed the petition to remove the case to federal court on August 17, five days before the trial which had been set for

August 22, and that, following the remand, Defendant filed the recusal motion; upon this basis, the court determined that the motion was filed for an improper purpose, i.e., to delay the trial, and that, in addition, the motion did not contain the required statement that it was not being presented for an improper purpose. With respect to the third category, the court first set out the standard under which bias or prejudice is determined, as set forth in *Alley v. State*, 882 S.W.2d 810 (Tenn. Crim. App. 1994),[3] then addressed specific paragraphs of Defendant's affidavit which he asserted showed bias or prejudice; the court held that each incident arose from a ruling of the court rather than an external source. The court's response sufficiently addressed the matters alleged to show bias and was compliant with section 1.03 of Rule 10B, which requires the judge to state in writing the grounds upon which the motion is denied. Upon our *de novo* review, the record shows a significant delay in filing the motion after the hearing at which the statements which allegedly demonstrated the court's bias were made, the effort made to remove the case to federal court shortly before trial, and no allegation or evidence of an external influence or source showing the potential for bias on the part of the court.

Defendant next argues that the court erred in proceeding with the trial on January 23, after he had filed a notice appealing the order denying recusal the day prior. This argument is without merit.

"The filing of a petition for recusal appeal does not automatically stay the trial court proceeding. However, either the trial court or the appellate court may grant a stay on motion of a party or on the court's own initiative, pending the appellate court's determination of the appeal." Tenn. Sup. Ct. R. 10B, section 2.04. The order denying the motion to recuse was entered January 9, 2019. Defendant did not seek an interlocutory appeal or move for a stay of the trial, which had been set for January 23 since November 6, 2018. The trial court was not required to stay the proceedings in the absence of a motion to do so; nor was the court required, contrary to Defendant's argument, to provide him with notice that the trial would proceed when it denied the motion. Accordingly, the court did not err in proceeding with the trial. *See Rich v. Rich*, No. M2018-00485-COA-T10B-CV, 2018 WL 1989619, (Tenn. Ct. App. Apr. 27, 2018).[4]

---

[3] "To disqualify [a judge], prejudice must be of a personal character, directed at the litigant, must stem from an extrajudicial source and result on the merits on some basis other than that which the judge learned from participation in the case." *Alley v. State*, 882 S.W.2d 810, 821 (Tenn. Crim. App. 1994). Rulings of a trial judge, even if erroneous, numerous and continuous, do not, without more, justify disqualification. *Id.*

[4] The *Rich* case affirmed a trial court that denied a recusal motion and then proceeded to rule on other motions that had been previously scheduled for hearing, despite the fact that the Wife had appealed the order denying recusal to this Court and filed a motion to stay the trial court proceedings in the Court of Appeals. We held:

> Section 2.04 of Rule 10B provides that "[t]he filing of a petition for recusal appeal does not automatically stay the trial court proceeding." The section continues, stating,

The trial court's denial of the motion is supported by the record and was not improper, and the court did not err in proceeding with the trial two weeks after denying the motion. Although he has not raised an issue relative to the judgment entered, Defendant has not filed a transcript or statement of the evidence; consequently, we presume the evidence supports the judgment, and affirm the same.

For the foregoing reasons, the judgment of the trial court is affirmed in all respects.

_____
RICHARD H. DINKINS, JUDGE

---

"However, either the trial court or the appellate court may grant a stay on motion of a party or on the court's own initiative, pending the appellate court's determination of the appeal." Tenn. Sup. Ct. R. 10B, § 2.04. The Court of Appeals granted Wife's motion for a stay on March 20, four days after the trial court's hearing on the scheduled motions. Based on the provisions of Rule 10B, the timing of the trial court's hearing, and the timing of our ruling on Wife's motion, we conclude that the trial court did not act improperly in hearing the motions scheduled for that day and entering orders as a result.

*Rich v. Rich*, 2018 WL 1989619, at *12 (Tenn. Ct. App. Apr. 27, 2018).